IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RIVERWALK MARINA, LLC,

    PLAINTIFF,

v.                                                          CASE NUMBER: _____

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY; SWISS RE
AMERICA HOLDING CORPORATION;
SWISS REINSURANCE AMERICA
CORPORATION; SWISS RE
CORPORATE SOLUTIONS GLOBAL
MARKETS, INC.; SWISS RE
ACCIDENT & HEALTH RISK
SOLUTIONS, LLC; SWISS RE LIFE &
HEALTH AMERICA, INC.; SWISS RE
LIFE & HEALTH LIMITED; SWISS RE
LIFE INSURANCE COMPANY;
MARITIME PROGRAM GROUP, INC.;
BURTON CLAIM SERVICE, INC.;
PT&C FORENSIC CONSULTING
SERVICES, P.A., INDIVIDUALLY
AND/OR D/B/A ENVISTA
FORENSICS; ENVISTA FORENSICS,
LLC; BAKER TILLY VIRCHOW
KRAUSE, LLP; DEFENDANTS A-M;
and DEFENDANTS N-Z,

    DEFENDANTS.

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, North American Specialty Insurance Company; Swiss Reinsurance America Corporation; Swiss Re Corporate Solutions Global Markets, Inc.; Swiss Re Accident & Health Risk Solutions, LLC; Swiss Re Life & Health America, Inc.; Maritime Program Group, Inc.; Burton Claim Service, Inc.; PT&C Forensic Consulting Services,

P.A., individually and/or d/b/a Envista Forensics; Envista Forensics, LLC; and Baker Tilly Virchow Krause, LLP, (collectively, "Defendants"),[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the action styled as *Riverwalk Marina, LLC v. North American Specialty Insurance et al.*, Case Number 44-CV-2020-900087, currently pending in the Circuit Court of Limestone County, Alabama, to the United States District Court for the Northern District of Alabama, and as grounds for removal state:

## I.   THE STATE COURT ACTION

1.  On March 26, 2020, Plaintiff, Riverwalk Marina LLC ("Plaintiff") filed its initial Complaint in the Circuit Court of Limestone County, Alabama, Case Number 44-CV-2020-900087 (the "State Court Action") seeking to recover insurance benefits for property damage allegedly sustained as a result of a windstorm and asserting supplemental claims. The Complaint and all other filings in the Limestone County docket are attached hereto as Exhibit 1. The Complaint is AlaCourt Doc. No. 2.[2]

2.  On April 2, 2020, Plaintiff filed its First Amended Complaint in the State Court Action, seeking substantially the same relief. Ex. 1, Doc. No. 5.

3.  No orders have been filed in the State Court Action.

---

[1] No appearance is made on behalf of Swiss Re American Holding Corporation, Swiss Re Life & Health Limited, or Swiss Re Life Insurance Company.

[2] Exhibit 1 is a complete set of "all process, pleadings, and orders" in the State Court Action to date. *See* 28 U.S.C. § 1446(a).

4. A certified mail return receipt indicating delivery to North American Specialty Insurance Company on March 31, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 7.

5. A certified mail return receipt indicating that service on Swiss Re American Holding Corporation was "undelivered" on April 19, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 45.

6. Two certified mail return receipts indicating delivery to Swiss Reinsurance America Corporation on March 30, 2020, have been filed in the State Court Action. Ex. 1, Doc. Nos. 9 and 13.

7. Two unsigned certified mail return receipts for delivery to Swiss Re Corporate Solutions Global Markets, Inc. on April 3 and 10, 2020, have been filed in the State Court Action. Ex. 1, Doc. Nos. 52 and 59.

8. A certified mail return receipt indicating delivery to Swiss Re Accident and Health Risk Solutions, LLC on March 30, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 11.

9. A certified mail return receipt indicating delivery to Swiss Re Life & Health America, LLC on March 30, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 23.

10. A certified mail return receipt indicating that service on Swiss Re Life & Health Limited was "undelivered" on April 13, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 43.

11. A certified mail return receipt indicating that service on Swiss Re Life Insurance Company was "undelivered" on April 20, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 54.

12. A certified mail return receipt indicating delivery to Maritime Program Group, Inc. on March 30, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 15.

13. Certified mail return receipts indicating delivery to Burton Claim Service, Inc. on April 6, 2020, and April 9, 2020, have been filed in the State Court Action. Ex. 1, Doc. Nos. 25 and 41.

14. A certified mail return receipt indicating delivery to PT&C Forensic Consulting Services, P.A. on March 30, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 17.

15. A certified mail return receipt indicating delivery to Envista Forensics, LLC on March 30, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 19.

16. A certified mail return receipt indicating delivery to Baker Tilly Virchow Krause, LLP on March 31, 2020, has been filed in the State Court Action. Ex. 1, Doc. No. 21.

17. Defendants' recitations regarding the filings in the State Court Action do not constitute confirmation or acceptance of service or waiver of any defenses. To the contrary, all defenses are expressly preserved, including but not limited to lack of personal jurisdiction and insufficient service of process. Furthermore, "[t]he removal of an action

from state to federal court does not waive any Rule 12(b) defenses." *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 Fed. Appx. 670, 676 n.6 (11th Cir. 2013).

## II.     CITIZENSHIP

18.     Plaintiff alleges, in its Complaint and First Amended Complaint, that Plaintiff "is an Alabama limited liability company with two members, both of whom are individuals and citizens of Alabama." Ex. 1, Doc. No. 2 ¶ 1; Ex. 1, Doc. No. 5 ¶ 1. Plaintiff is therefore a citizen of Alabama for jurisdictional purposes.

19.     North American Specialty Insurance Company is, and at all times relevant to removal jurisdiction has been, a New Hampshire corporation with its principal place of business in New Hampshire, and is therefore a citizen of New Hampshire for jurisdictional purposes. *See* Ex. 2.

20.     The citizenship of Swiss Re America Holding Corporation is irrelevant because it has not been served. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest property joined and served").

21.     Swiss Reinsurance America Corporation is, and at all times relevant to removal jurisdiction has been, a New York corporation with its principal place of business in New York, and is therefore a citizen of New York for jurisdictional purposes. *See* Ex. 3.

22.     Swiss Re Corporate Solutions Global Markets, Inc. is, and at all times relevant to removal jurisdiction has been, a Delaware corporation with its principal place of business in New York, and is therefore a citizen of Delaware and New York for jurisdictional purposes. *See* Ex. 4 (composite).

23.     Swiss Re Accident and Health Risk Solutions, LLC was a Delaware limited liability company. It was dissolved more than a year before the State Court Action was commenced, and a voluntary cancellation was filed with the Delaware Secretary of State on February 1, 2019. *See* Ex. 5.

24.     Swiss Re Life & Health America, Inc. is, and at all times relevant to removal jurisdiction has been, a Missouri corporation with its principal place of business in New York, and is therefore a citizen of Missouri and New York for jurisdictional purposes. *See* Ex. 6.

25.     The citizenship of Swiss Re Life & Health Limited is irrelevant because it has not been served. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest property joined and served").

26.     The citizenship of Swiss Re Life Insurance Company is irrelevant because it has not been served. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest property joined and served").

27.     Maritime Program Group, Inc. is, and at all times relevant to removal jurisdiction has been, a Connecticut corporation with its principal place of business in Connecticut, and is therefore a citizen of Connecticut for jurisdictional purposes. *See* Ex. 7.

28.     Burton Claim Service, Inc. (incorrectly named in the Complaint and Amended Complaint as "Burton Claim*s* Service, Inc.) is, and at all times relevant to removal jurisdiction has been, a Florida corporation with its principal place of business in Florida, and is therefore a citizen of Florida for jurisdictional purposes. *See* Ex. 8.

6

29. PT&C Forensic Consulting Services, P.A. is, and at all times relevant to removal jurisdiction has been, a Delaware corporation with its principal place of business in Georgia, and is therefore a citizen of Delaware and Georgia for jurisdictional purposes. *See* Ex. 9.

30. Envista Forensics, LLC is, and at all times relevant to removal jurisdiction has been, a Georgia limited liability company with a single member, Cor Partners, Inc., which is a Missouri corporation with its principal place of business in Missouri. Envista Forensics, LLC is therefore a citizen of Missouri for jurisdictional purposes. *See* Ex. 10.

31. Baker Tilly Virchow Krause, LLP is, and at all times relevant to removal jurisdiction has been, an Illinois limited liability partnership with its principal place of business in Illinois. All partners of Baker Tilly Virchow Krause, LLP are individuals, and no partner is a citizen of Alabama. Baker Tilly Virchow Krause, LLP therefore **is not** an Alabama citizen for jurisdictional purposes. *See* Ex. 11.

### III. AMOUNT IN CONTROVERSY

32. The Complaint and First Amended Complaint allege that the amount in controversy is within the jurisdiction of the Limestone County Circuit Court without stating a specific dollar amount. Ex. 1, Doc. No. 2 ¶ 15; Ex. 1, Doc. No. 5 ¶ 15.

33. The Complaint and First Amended Complaint allege that Defendants have wrongfully failed to pay "hundreds of thousands of dollars in covered losses," and that Plaintiff's supplemental claims "are valued in the hundreds of thousands of dollars at least." Ex. 1, Doc. No. 2 ¶ 32)i) and ¶ 39; Ex. 1, Doc. No. 5 ¶ 32)i) and ¶ 39.

34. In support of its claim for indemnity under an insurance policy at issue in the State Court Action, and before commencing the State Court Action, Plaintiff provided Burton Claim Services, Inc. and North American Specialty Insurance Company with a repair cost estimate in the amount of $675,771.55 for items disputed during the adjustment of the insurance claim. *See* Ex. 12.

## IV. LEGAL STANDARDS

35. Where removal is sought based on diversity of citizenship, removal is appropriate upon a showing that there is complete diversity of citizenship, the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees, and all defendants who have been properly joined and served have joined in or consented to the removal of the action. 28 U.S.C. § 1332; 28 U.S.C. § 1446(b)(2)(A).

36. For purposes of diversity jurisdiction, with exceptions not applicable here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). A limited liability company is a citizen of each state of which any of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

37. For purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

38. The citizenship of parties not properly joined and served in the State Court Action is also irrelevant. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest properly joined and served").

39. For purposes of diversity jurisdiction, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

40. Where state practice either does not permit or does not demand the allegation of a specific amount in controversy, or permits recovery of damages in excess of the amount demanded in the initial pleading, removal is proper if this Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B).

41. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

42. When the complaint does not allege a jurisdictional amount of damages that satisfies the requirements for removal, the courts use common sense and experience based on a full reading of the complaint. *Watts v. SCI Funeral Services, LLC*, 2:19-CV-01219-JHE, 2020 WL 1310559, at *3 (N.D. Ala. Mar. 18, 2020).

43. Defendants seeking to remove a case to federal court must file their notice of removal within 30 days after the service of the initial pleading. 28 U.S.C. § 1446 (b) (notice of removal must be filed within 30 days after receipt of the initial pleading "through service or otherwise"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart

from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

## V.    REMOVAL IS PROPER

41.    The earliest evidence of service on any Defendant indicates service occurring on March 30, 2020. This Notice of Removal is timely as to all Defendants because it was filed within 30 days after March 30, 2020.

42.    Plaintiff is a citizen of Alabama, and no properly joined and served Defendant is a citizen of Alabama. There is, therefore, complete diversity of citizenship.

43.    Plaintiff's allegations in the Complaint and First Amended Complaint, and the repair estimate provided by Plaintiff, show that the amount in controversy far exceeds $75,000.

44.    All properly joined and served Defendants have joined in this Notice of Removal, as evidenced by the signatures of their undersigned counsel.

45.    Pursuant to 28 U.S.C. § 1446 (d), a Notice of Filing Notice of Removal is simultaneously being filed in the State Court Action, and this Notice of Removal is being served on Plaintiff's counsel.

**WHEREFORE**, Defendants hereby remove the State Court Action to the United States District Court for the Northern District of Alabama.

## JURY DEMAND

Plaintiff demanded a jury trial in both the Complaint and the First Amended Complaint. Ex. 1, Doc. No. 2 p. 25; Ex. 1, Doc. No. 5 p. 27. Defendants hereby demand a jury trial as well.

Respectfully submitted,

**DODSON GREGORY LLP**

s/ John W. Dodson
**John W. Dodson (ASB-9724-D65J)**
**Michelle L. Crunk (ASB-2967-i71C)**
2700 Highway 280, Suite 410E
Birmingham, AL 35223
Telephone: (205) 834-9170
Facsimile: (205) 278-8718
Email:     jwd@dodsongregory.com
           mlc@dodsongregory.com

**ZELLE LLP**

**James V. Chin, Esq.**
Georgia attorney license 124827
*Pro Hac Vice* Admission Pending
1201 West Peachtree St. NW, Suite 610
Atlanta, GA 30309
Telephone: (470) 867-3040
Facsimile: (612) 336-9100
Email:     jchin@zelle.com

**Dennis Anderson, Esq.**
Minnesota attorney license 0396147
*Pro Hac Vice* Admission Pending
500 Washington Ave. S, Suite 4000
Minneapolis, MN 55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100
Email:     danderson@zelle.com

***Attorneys for North American Specialty Insurance Company; Swiss Reinsurance America Corporation; Swiss Re Corporate Solutions Global Markets, Inc.; Swiss Re Accident & Health Risk Solutions, LLC; Swiss Re Life & Health America, Inc.; Maritime Program Group, Inc.; and Burton Claim Service Inc.***

**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**

<u>s/ Steve Whitehead</u>
**Steve Whitehead, Esq.**
**Alabama attorney license WHI006**
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
Facsimile: (205) 402-4085
Email: steve@lgwmlaw.com

***Attorney for PT&C Forensic Consulting Services, P.A. and Envista Forensics, LLC***

**HAND ARENDALL HARRISON SALE, LLC**

<u>/s/ Joseph L. Cowan II</u>
**Joseph L. Cowan II, ASB-3620-A61J**
1810 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163
Email: jcowan@handfirm.com

**Shane Black, ASB-7644-C94E**
102 South Jefferson Street
Athens, AL 35611
Telephone: (256) 232-0202
Facsimile: (256) 233-2407
Email: sblack@handfirm.com

**GODFREY & KAHN, S.C.**

**Dan Flaherty, Esq.**
Wisconsin atty license 1011357
*Pro Hac Vice* admission pending
833 E. Michigan Street
Milwaukee, WI 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
Email: dflaherty@gklaw.com

***Attorneys for Baker Tilly Virchow Krause, LLP***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th of April 2020, I caused the foregoing document to be served upon all counsel of record via CM/ECF and by U.S. Mail on all parties according to the parties' addresses for services utilized by Plaintiffs when serving the Complaint.


                                                s/ John W. Dodson  
                                                OF COUNSEL